[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SECOND SUPPLEMENTAL RULING THE DEFENDANT'S MOTION FOR CONTEMPT
In an order issued on February 17, 1999, the court granted the defendant's motion to hold the plaintiff in contempt (Motion #306) because the plaintiff removed the children from the State of Connecticut in violation of the court's order of July 30, 1998 (#296). On March 29, 1999, the court supplemented its contempt finding by ordering that the sanction for the plaintiff's contempt would be that she would be required to pay a higher percentage of the fees of the children's guardian ad litem. Among other factors, this sanction reflected the additional services required by the guardian ad litem that were caused by the plaintiff's contemptuous conduct. The court reserved decision on the amount of the guardian ad litem's fees and on how much of the fees each party would be required to pay because at that time both parties were unemployed and without a source of regular income. The court now issues a final decision on this motion.
On July 6, 1999, the court granted the guardian ad litem's motion for fees (motion #317), authorizing the guardian ad litem to receive fees totaling $5,850. The parties previously paid the guardian ad litem a $1,000 retainer, therefore, leaving a balance of $4,850. The court further ordered, among other things, that the parties share this expense equally.
In light of the court's February 17, 1999 and March 29, 1999 orders holding the plaintiff in contempt and imposing sanctions, the $4,850 fees to be paid to the guardian ad litem shall not be shared equally. The plaintiff shall pay $3,175 of these fees and the defendant shall pay $1,675 of these fees in order to effectuate the contempt sanction imposed by the court on March 29, 1999.
To this limited extent the court's order of July 6, 1999 granting the guardian ad litem's motion for fees and allocating the payment is modified as follows: CT Page 9231
The guardian ad litem shall be awarded $5,850 in fees, less the $1,000 retainer, leaving a total unpaid balance of $4,850. The plaintiff shall pay $3,175 of these fees and the defendant shall pay $1,675 of these fees. The parties' obligation to pay these fees shall be non-discharageable in bankruptcy as the services were rendered for the benefit of the children and as the parties' payment obligation is in the nature of support. Each party shall make at least a nominal payment of $25 per week against their respective obligations. In addition to any other remedy, the fees may be collected as a judgment in any manner authorized by law.
So ordered July 13, 1999.
Stevens, J.